Okay, we have one remaining argument, so the half argument, that's in Re Aurora Commercial Corp. The appellant is going to be arguing for five minutes. Okay, Mr. Ginsberg, can you see and hear us all right? Yes, your honor, thank you. Okay, good, and I can see you, so just give me one second to make sure that the judges are ready. All set? Okay, you may proceed, you've got five minutes. Thank you, your honors. Good morning, my name is Jacob Ginsberg for the appellant, Sin. This is a case that arose in bankruptcy court back in May of 2020. Sins have claims against the Aurora Commercial Corporation and were in bankruptcy and have confirmed their plan. The Sins, Mrs. Sin is an elderly widow, her husband died back in August 6th of 2015. This is about giving the Sins an opportunity to go back to bankruptcy court and to litigate in an adversary proceeding their claims against the debtors' estate. The district court erred because the district court affirmed the bankruptcy court's decision which held that there were no good claims. The Sins have good claims against the debtors' estate. Those claims are based on splendor of title and for declaratory judgment. The district court affirmed a decision of bankruptcy court, which held that the validity of the Aurora Loan Service's mortgage lien could be determined in a contested matter under bankruptcy rule. When did the slander, the alleged slander of title take place? The alleged slander of title occurred, your honor, on November 7th of 18. And so by the filing of a notice of pendency? Yes, your honor. At that point, hadn't all right, title and interest been transferred to NationStar? In fact, that had been done many years earlier? No, your honor. What happened was, is that in July 15 of 2012, NationStar transferred ownership of the Sin note to U.S. Bank as trustee for Lehman Brothers Trust. It was not until January 23 of 2019 that the trust transferred through a limited power of attorney to NationStar, the Sin note. The mortgage assignment in September of 14 did nothing to cure that lack of standing problem in the foreclosure and the wrongful slander, and neither did the July 15 of 2014. I guess what I'm trying to ask is, did the debtor play any role in the filing of the list pendants? Yes, your honor. What did the debtor do? The list pendants was filed under the authority of a limited power of attorney that the debtor granted to NationStar. And more than that, the debtor had an undisclosed, unscheduled, in its chapter 11 schedules, interest as a master loan servicer, and was paid $17.5 million for that pursuant to an amended asset purchase agreement by and between NationStar and Aurora Loan Servicing and the debtor had an interest under 541D in its estate, and it also had an interest as a principal in a limited power of attorney. And that meant that the district court in affirming the dismissal of the ZIN proofs of claim erred because that determination, and that mortgage, by the way, your honor, was not a valid mortgage. That mortgage had expired six years after the filing of the foreclosure action. And therefore, the ZINs have a right, under the code, to have the invalidity of that mortgage determined and to assess damages against Aurora Loan Services in an adversary. The matter was, can your honors hear me? Yes. Yeah, the matter, the district court erred because the bankruptcy court, the district court erred in affirming the bankruptcy court's denial of the ZINs proofs of claim. The court failed to recognize that NationStar was acting when it filed the Liz Pendents pursuant to a limited power of attorney. The court somehow thought that NationStar was an attorney, but it was an attorney in fact. And when, in 2018, the Liz Pendents was filed on behalf of the debtor, Aurora Loan Services, there was no right for the debtor to do that. The wrong that NationStar did should be imputed under agency principles to NationStar. And the sustaining of the appellee's claims objections against Mrs. Pendents was not comprehensible, and it was error by the district and bankruptcy courts to deny appellate's claims 10 through 15. All right, well, hearing no other questions, we have your brief. We have your adversary's brief. We'll reserve decision. Thank you, Mr. Ginsburg. Thank you, your honors. That concludes our oral arguments for this morning. We have, as I said, two other cases fully on submission. We'll reserve decision on those as well. Before we adjourn court, let me just thank the courtroom deputy for all her efforts and assistance throughout this case. And I also want to thank the IT folks who make it possible for us to have arguments like this one remotely. We take it for granted now, but it does require a lot of work, and it's worked swimmingly for the past nearly two years. So, Ms. Beard, you can adjourn the court. Court is adjourned.